**LI QIN ZHOU, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–4621.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on June 11, 2009.

Opinion filed: Sept. 3, 2009.

Li Qin Zhou, New York, NY, pro se.

Aliza B. Alyeshmerni, Esq., Richard M. Evans, Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, NYGAARD and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Li Qin Zhou, a native and citizen of China, entered the United States in April 2002. She appeared before an Immigration Judge ("IJ") and conceded that she was removable for entering without a valid

entry document. *See* Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I) ]. Zhou applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), on the ground that she suffered persecution in China as a Falun Gong practitioner. In particular, Zhou claimed that she practiced Falun Gong for one month—attending one or two meetings and handing out fliers—before the practice was officially banned. Fearing arrest, Zhou went to live with a friend in another town. The authorities came to her parents' home and, because they were unable to locate Zhou, detained and "mistreated" her father for four months. The IJ denied relief, finding Zhou's allegations not credible because of implausibilities and inconsistencies in her airport statement, her credible fear interview, her asylum affidavit, and her testimony. The IJ also concluded that Zhou could safely relocate in China and faulted her for failing to provide corroborating evidence. The Board of Immigration Appeals ("BIA") affirmed without opinion.

Zhou filed a petition for review in the United States Court of Appeals for the Second Circuit. By order entered November 27, 2007, the Second Circuit transferred the petition for review to this Court. We have jurisdiction under INA § 242 [8 U.S.C. § 1252]. Because the BIA affirmed the decision of the IJ without opinion, we examine the decision of the IJ. *See Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir.2005). We review the factual findings of the IJ, including adverse credibility findings, for substantial evidence. *See Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir.2005). Under this standard, the IJ's determinations will be upheld if they are supported by "reasonable, substantial and probative evidence on the record considered as a whole." *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir.2003) (quotations omitted). Adverse credibility determinations based on speculation or conjecture are not upheld. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). In general, "minor inconsistencies and minor admissions" are not an adequate basis for an adverse credibility finding. *Id.* Any discrepancies must involve the heart of the claim.[1] *Id.* Furthermore, we must uphold a determination regarding the availability of corroborating evidence unless "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." INA § 242(b)(4) [8 U.S.C. § 1252(b)(4) ]; *see also Sandie v. Att'y Gen.*, 562 F.3d 246, 252 (3d Cir.2009).

■ The IJ concluded that Zhou was not credible because she "testified that there were between 10 and 20 people present [at the Falun Gong meetings she attended] ... [t]hen ... almost immediately changed the testimony, and stated that there were between 20 and 30 people present." The IJ also found it "quite incredible" that Zhou could not recall the name of the person who led the meetings. Furthermore, Zhou testified that she lived with a friend in the town of Zhi Cheng for two years before coming to the United States, but her asylum application and airport statement listed Changle City as her last address in China. The IJ rejected Zhou's explanation that she provided her parents' permanent address in Changle City because the questions were not clear. The IJ also faulted Zhou for alleging in her credible fear interview that Chinese authorities had destroyed her house, omitting that claim from her asylum applica-

---

1. The provisions of the Real ID Act of 2005 that address the Court's review of an adverse credibility finding do not apply in this case because Zhou applied for relief before the Act's effective date. *See Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir.2007).

tion, and then explaining that it was the fence that was destroyed and that she did not include it in her application because "that's not major." Finally, without citing any evidence, the IJ saw "no reason why the police ... in China would be so interested in the respondent inasmuch as she only practiced Falun Gong for a month or less."

■ We believe that these adverse credibility determinations are not supported by substantial evidence. Nevertheless, we conclude that the IJ reasonably required Zhou to provide corroboration for her claims. See Abdulai v. Ashcroft, 239 F.3d 542, 551–54 (3d Cir.2001) (observing that even where an applicant is credible, corroboration may be required if the applicant is to meet his burden of proof). In denying relief based on a lack of corroboration, the IJ must conduct the following three-part inquiry: (1) an identification of facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if she has not, (3) an analysis of whether the applicant has adequately explained her failure to do so. See Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir.2006). Zhou provided no corroborating evidence of her practice of Falun Gong. The IJ noted that Zhou could have submitted letters from friends or family in China, books that she read in the United States, or the testimony of her uncle, who lived with her at the time of the hearing. Although Zhou stated that her family "do[es] not have much education," she did not adequately explain why she did not produce the Falun Gong literature or arrange for her uncle to testify. Under these circumstances, we conclude that substantial evidence supports the IJ's determination that Zhou failed to meet her burden of showing that she is eligible for asylum and withholding of removal. The IJ also correctly determined that Zhou did not meet the criteria for relief under the CAT because she failed to establish that it was more likely than not that she would be tortured if removed to China. See 8 C.F.R. §§ 208.16, 208.18.

For the foregoing reasons, we will deny the petition for review.